# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DAVID C. BROWN,
       Plaintiff,

                                CASE NUMBER: 09-11685

v.

                                HON. NANCY G. EDMUNDS

PRUDENTIAL INSURANCE CO. OF
AMERICA,                          HON. VIRGINIA M. MORGAN
       Defendants.             UNITED STATES MAGISTRATE JUDGE

_____ /

## REPORT AND RECOMMENDATION ON
## MOTION FOR JUDGMENT (D/E #27) AND MOTION FOR ATTORNEY FEES (D/E #28)[1]

      This matter is before the court on post-judgment motions regarding payment of benefits under an ERISA plan. The district judge accepted the Report & Recommendation and denied the defendant administrator's Motion to Affirm the Denial of Benefits and granted plaintiff's motion for benefits, and remanded the matter to the administrator for a calculation of benefits due. In attempting to effectuate the judgment, the lawyers were unable to resolve a series of issues and so filed these motions. A hearing was held before the magistrate judge. For the reasons stated on the record, it is recommended that the motions are granted in part. It is further recommended that counsel are to submit a modified judgment for signature by the district judge on or before January 31, 2011.

      It is further recommended that the terms of the judgment be as set below:

      1. Costs:     Plaintiff has moved for $350.00 in Rule 54(d) costs. Defendant agrees

---

[1]The district judge requested that both motions be heard by Magistrate Judge Morgan.

to pay these.  Defendant should pay $350 in costs to plaintiff's counsel.

2. Attorney Fees: Plaintiff should be awarded attorney fees, payable by defendant, for 69.7 hours at the rate of $300 per hour.

3. Prejudgment Interest: Counsel have agreed upon a rate of 5% for prejudgment interest.  Plaintiff should be awarded interest on the award from the date of the complaint until the date of the judgment.

4. Back-benefits: The court ordered the defendant to calculate and pay the amount of benefits awarded to plaintiff.  Defendant has not done so.

   A.   Defendant should calculate and pay benefits from March 27, 2007 through September 30, 2008.

   B.   Under the plan, defendant is entitled to a set off for social security benefits received by plaintiff.  However, plaintiff failed to apply for benefits.  Thus, it is recommended that defendant may provisionally subtract from that payment the estimated amount of social security benefits that plaintiff would have received.

   C.   In order to receive the full amount of benefits under the Plan, plaintiff must apply for social security disability. It is recommended that he be ordered to do so forthwith.  If Social Security determines that plaintiff is not entitled to benefits, then Prudential be ordered to pay to plaintiff the amount deducted as an expected offset within 45 days (or such other time as agreed between counsel) of notice from plaintiff's counsel

          that plaintiff was not determined to be disabled prior to September 30, 2008.

D.    Because plaintiff failed to apply for benefits timely, plaintiff should not be entitled to interest on the withheld amount so long as the offset amount is paid as ordered or agreed in part C.

E.    In order to obtain disability benefits under the Plan for any period after September 30, 2008, plaintiff must submit his claim and supporting information to the Administrator as per the Plan.  It is recommended that such language be incorporated into the proposed judgment.

F.    Defendant is advised that if the claim is denied without good cause either procedurally or substantively, the court could consider sanctions in the event of a judicial appeal.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

S/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge

Dated: January 14, 2011

## PROOF OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and via the Court's ECF System and/or U. S. Mail on January 14, 2011.

s/J. Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan